The judgment of the supreme court, so far as it is appealed from, should be reversed, but without costs of this appeal to either party.

DENIO, Ch. J., WRIGHT, DAVIES and EMOTT, Judges, concurred.

—————— •+• ——————

# COURT OF APPEALS.

## DUNCAN McGREGOR, appellant agt. JAMES McGREGOR, respondent.

Where an *executor* named in a will, is a native of this state, though an inhabitant of another state at the time the will is proved, he is not an *alien*, and, therefore, incompetent to serve, within the meaning of our statute, which, amongst other persons declared to be incompetent to serve as executor, specifies "an alien residing out of this state."

An "alien," is a person born out of the jurisdiction of the United States, who has not since been naturalized under their constitution and laws.

The statute declares those persons not competent to serve as executors, "who upon proof shall be adjudged incompetent by the surrogate to execute the duties of the trust, by reason of drunkenness, improvidence, or want of understanding."

And where the surrogate has held, upon proof before him, that an executor applying for letters testamentary, is not affected by any of the causes alleged, and that he is not for that reason incompetent to execute the duties of the trust, this court will not review that adjudication.

Any person appointed or named as executor in a will, is to be deemed competent, unless he is declared incompetent by statute ; and it is the duty of the surrogate to grant letters to every person named as executor in a will, upon his application, who is not declared incompetent to serve by statute: He has no discretion to exercise in the matter, but must obey the requirements of the statute, which is the only source of his power.

*June Term*, 1864.

APPEAL from the judgment of the supreme court, affirming the order of the surrogate granting letters testamentary to the respondent.

James McGregor died in February, 1853, leaving a will with a codicil annexed, by which three of his sons, the respondent, the appellant and Gregor, were appointed executors. The will was admitted to probate in December, 1855, after a contest before the surrogate. An appeal was taken to the supreme court, and from that court to the court of appeals, from that order, and much other litigation arose under the will, delaying the issuing of letters testamentary. The testator's son Gregor, died in 1845. The responent, in the meantime, had removed to and become a resident of one of the western states. He, in the year 1861, applied to the surrogate of Saratoga county, for letters testamentary to be issued to him. The appellant appeared, and filed with the surrogate objections to the granting of the application. The objections were fourteen in number, only three or four of which were argued or insisted upon on this appeal. These are:

1. That the applicant was a non-resident of this state, and a resident of the state of Wisconsin or Iowa, and, therefore, an alien.

2. That he had not sufficient understanding, and was subject at times to fits of mental aberration, of such a nature as to render him unfit and incompetent, at times, to perform the duty of an executor.

3. His distant residence.

4. That by opposing the probate of the will, he had renounced the executorship.

Much evidence was taken before the surrogate on several of the objections which are now abandoned. On the subject of the alleged mental aberration, considerable testimony was taken before the surrogate, which it is unnecessary to set forth, as the appellant's evidence is clearly insufficient to make out a *prima facie* case, and tends only to prove that the respondent is a man of violent temper, and

given to the use of rash and violent language, when excited. It was proved that he resisted the admission of the will to probate, and his residence in another state was undisputed. The respondent was born in this state, of which his father was a resident and citizen, and removed from this to another state, never having resided out of the United States. The surrogate, after hearing the proofs, overruled the objections, and granted the letters as prayed for, upon the respondent filing his bond and taking the oath.

From that order the appellant appealed to the supreme court of the fourth district, where the order was affirmed, and he now appeals to this court.

GARDNER STOW, *for the appellant.*
WM. AUGUSTUS BEACH, *for the respondent.*

JOHNSON, J. The first fourteen pages of the points submitted by the appellant's counsel, are devoted to an argument to establish the proposition that the respondent, by reason of non-residence in this state, and his residence in another state within the United States, is an alien, and so incompetent to serve as an executor by statute. This proposition is so obviously erroneous and untenable, that little if anything more than a bare statement of it, is necessary to its refutation. Our statute, amongst other persons declarged to be incompetent to serve as executor, specifies " an alien residing out of this state." *Bouvier*, in his law dictionary, title alien, defines an alien to be " one born out of the jurisdiction of the United States, who has not since been naturalized under their constitution and laws." This is the general and popular understanding of the term, and is the sense in which it is employed in the statute. The respondent is conceded to be a native of this state, and though not an inhabitant thereof at the time the will was proved, was not an alien, and not incompetent on that score.

Upon the subject of the incompetence of the respondent, by reason of the alleged occasional mental aberration, or general want of understanding, it is enough to say that he

McGregor agt. McGregor.

has been adjudged otherwise by the surrogate. The statute declares those not competent to serve, " who, *upon proof*, shall be *adjudged* incompetent by the surrogate to execute the duties of the trust, by reason of drunkenness, improvidence, or want of understanding." The surrogate has held upon the proof before him, that the understanding of the respondent is not affected by any of the causes alleged, and that he is not for that reason incompetent to execute the duties of the trust. An examination of the proof before the surrogate, will show that there is no reasonable pretense for saying that any error has been committed in this respect. Residence out of the state does not disqualify, unless the person is an alien, and the distance of his residence in no respect affects his competence to serve. If the applicant is a non-resident of the state, he is not entitled to letters until he has executed the requisite bond, which has been done by the respondent in this case. There is no reason whatever, for claiming that the respondent has renounced his appointment. The letters in question have been granted at his express request, and after the most determined and strenuous opposition. It is not pretended that he has executed any instrument in writing to that effect, nor that his renunciation has been declared or decreed by the surrogate, according to the provisions of the statute. There is no authority for the position that offering the probate of a will finally admitted to probate, and favoring the probate of another instrument as the will, which is rejected, is in law a renunciation. No statute or court has so declared, and the acts themselves have no relation whatever to the question of the acceptance or renunciation of the appointment, after the will has been proved.

The statute (2 *R. S.* 69, § 1), makes it the duty of the surrogate, when any will of personal estate shall have been admitted to probate, to issue letters testamentary thereon to the persons named therein as executors, if they are by law competent to serve as such. It then provides who shall be deemed incompetent to serve as an executor. I am of the opinion that any person appointed or named as execu-

tor in a will, is to be deemed competent, unless he is declared incompetent by statute, and that it is the duty of the surrogate to grant letters to every person named as executor in a will, upon his application, who is not declared incompetent to serve by statute. He has no discretion to exercise in the matter, but must obey the requirements of the statute, which is the sole source of his power. To allow surrogates to invent new causes of disqualification, and add to those prescribed by statute, would be conferring novel and dangerous powers upon these officers of special and limited jurisdiction. But in any view of the case, the respondent was clearly competent to serve as executor, and having applied for letters in pursuance of his appointment by the will, the surrogate had no right to refuse them. The appeal seems to me to be entirely without merit.

The judgment of the supreme court is therefore right, and should be affirmed.

Affirmed.